UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN FLOWERS,<br><br>              Plaintiff,<br><br>      v.<br><br>C. CRYER, et al.,<br><br>              Defendants. | CASE No. 1:17-cv-00263-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. His complaint is before the Court for screening.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

Plaintiff is incarcerated at Salinas Valley State Prison ("SVSP"), but complains of acts that occurred at the Substance Abuse Treatment Facility ("SATF"), California Correctional Institution ("CCI"), and SVSP. He names the following defendants: (1) C. Cryer, Medical CEO at SATF; (2) M. Frite, Medical CEO at SATF; (3) M. Carrasquillo, R.N. at SATF, and (4) "et; al." [sic] medical staff at SATF, CCI, and SVSP.

His allegations may be summarized essentially as follows:

Plaintiff suffers from severe back, neck, and shoulder pain. He has suffered extreme pain for five years. He was treated for a time, but complained of side effects. Then, "they" stopped treating him. As a result, his conditions deteriorated, and he suffers constant pain.

Defendant Frite "was made aware" of Plaintiff's condition on more than one occasion but did nothing. Defendant Carrasquillo "usurped the authority of her position," and stated that Plaintiff couldn't be in pain because he wasn't crying. She denied Plaintiff's requests to see a doctor. She did nothing to treat him.

Plaintiff claims violations of his Eighth Amendment right to adequate medical care and his Fifth and Fourteenth Amendment rights to due process. He seeks money damages.

## IV. Analysis

### A. Doe Defendants

Plaintiff's reference to "et; al." medical personnel appears to be an attempt to name Doe defendants.

The use of Doe defendants generally is disfavored. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). Nevertheless, under certain circumstances, Plaintiff may, be given the opportunity to identify unknown defendants through discovery. Id. Before Plaintiff may engage in discovery as to the unknown defendants, he first must link each of them to a constitutional violation. He must address each defendant separately, i.e., Doe 1, Doe 2, Doe 3, etc., and must set forth facts describing how each Doe defendant personally participated in the violation of his constitutional rights. He may not simply allege liability on the part of a group of Defendants.

Here, Plaintiff does not identify any Doe defendants with particularity or explain their participation in his case. He therefore fails to provide facts to link these Does to a constitutional violation. He will be given leave to amend.

3

**B.     Eighth Amendment**

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits deliberate indifference to the serious medical needs of prisoners. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Where a prisoner alleges deliberate indifference based on a delay in medical treatment, the prisoner must show that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin, 974 F.2d at 1060a; Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is insufficient to state a claim of deliberate medical indifference. Shapley, 766 F.2d at 407 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)). A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105.

An allegation that prison officials deliberately ignored a prisoner's complaint about the ineffective nature of prescribed pain medication and the pain being suffered as a result can, in some circumstances, give rise to a constitutional claim. See Chess v. Dovey, No. CIV S-07-1767 LKK DAD P., 2011 WL 567375, at *21 (E.D. Cal. Feb. 15, 2011) (denying summary judgment on Eighth Amendment claim where the doctor "ignored plaintiff's complaint about the ineffective nature of the Tylenol, aspirin and other medications he was being given and the pain being suffered as a result"); Franklin v. Dudley, No. 2:07-cv-2259 FCD KJN P., 2010 WL 5477693, at *6 (E.D. Cal. Dec. 29, 2010) (existence of triable issue of fact as to whether defendant violated Eighth Amendment precluded the granting of summary judgment where plaintiff was previously prescribed narcotic pain medication but now was given only Motrin, Naprosyn, and Tylenol under prison's no-narcotic policy). However, a prisoner does not have a constitutional right to the medication of his choice, and a mere difference of opinion regarding appropriate treatment and pain medication is insufficient to give rise to a constitutional claim. Toguchi, 391 F.3d at 1058; Wilson v. Borg, No. 95-15720, 1995 WL 571481, at *2 (9th Cir. Sept. 27, 1995); Smith v. Norrish, No. 94-16906, 1995 WL 267126, at *1 (9th Cir. May 5, 1995); McMican v. Lewis, No. 94-16676, 1995 WL 247177, at *2 (9th Cir. Apr. 27, 1995).

Plaintiff's allegations of constant and severe pain are sufficient to state a serious medical need. Jett, 439 F.3d at 1096 (a "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'"); McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

However, he has failed to show that any Defendants acted with deliberate indifference. Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's complaint does not allege any facts with regard to Defendant Cryer. He merely states his conclusion that Cryer was negligent and exhibited deliberate indifference. Similarly, Plaintiff states only that Defendant Frite knew of Plaintiff's pain but did nothing. Such conclusory allegations are insufficient to state a claim. Plaintiff does not provide any facts about how these individuals were involved in his care, what they knew of his complaints, how they responded, or what they said about treating or not treating him. This last point is particularly relevant because Plaintiff alleges that his treatment was, at one point, discontinued due to his own reports of side effects.

Plaintiff alleges additional facts regarding Defendant Carrasquillo but these too are insufficient to state a cognizable claim as it is unclear what information she had regarding Plaintiff's complaints.

Plaintiff will be given leave to amend.

**C.   Fourteenth Amendment**

Plaintiff states his intent to bring a claim under the Fourteenth Amendment. However, the nature of this claim is unclear. As stated, the only allegation is that Plaintiff

was denied treatment for his pain. This claim would appear to be cognizable, if at all, under the Eighth Amendment, not the Fourteenth Amendment.

Accordingly, this claim will be dismissed. Plaintiff will be given leave to amend.

**D. Fifth Amendment**

"[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Plaintiff's complaint does not state a Fifth Amendment due process claim.

**E. State Law Claims**

Plaintiff's complaint refers to negligence, which is a state law claim.

The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction, if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Furthermore, to bring a tort claim under California law, Plaintiff must allege compliance with the California Tort Claims Act ("CTCA"). Under the CTCA, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board ("VCGCB") within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1240 (2004).

Here, Plaintiff has not alleged a cognizable federal claim and has not alleged compliance with the CTCA. Accordingly, the Court will not exercise supplemental

jurisdiction over Plaintiff's state law claims. The Court will provide Plaintiff with the legal standards applicable to what appear to be his intended claims, in the event he chooses to amend.

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). "Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal. App. 4th 983, 994 (2008)). For claims based on medical malpractice, defendant has a duty "to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise." Hanson v. Grode, 76 Cal. App. 4th 601, 606 (1999).

**F.   Statute of Limitations**

Plaintiff states that he has suffered extreme pain for five years. Some aspect of his claims may fall outside the statute of limitations.

No statute of limitations is set out in 42 U.S.C § 1983. Instead, California's two year statute of limitations on personal injury claims applies. Cal. Code Civ. Proc. § 335.1. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir 2004); Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007); Maldonado v Harris, 370 F.3d 945, 954 (9th Cir. 2004). Under federal law, a civil rights claim like this accrues when plaintiff knows or has reason to know of the injury giving rise to the claim. Olsen v. Idaho State Bd. Of Med., 363 F.3d 916, 926 (9th Cir. 2004); Lukovsky v. City of San Francisco, 535 F.3d 1044, 1050-51.

However, state law may toll the running of the statute of limitations on cases arising in that state and filed in Federal court. Hardin v. Straub, 490 U.S. 536, 543 (1989). Federal courts apply a forum state's law regarding tolling when not inconsistent

with federal law. Id. at 537-39. California Code of Civil Procedure Section 352.1 tolls the running of California's statute of limitations for two years while the Plaintiff is imprisoned for a term less than life in prison. Under this tolling provision, Plaintiff had a maximum of four years from the date his claims accrued to file suit, unless that period was extended by equitable tolling.

Under California law, equitable tolling applies where "an injured person has several legal remedies and, reasonably and in good faith, pursues one." Elkins v. Derby, 525 P.2d 81, 84 (Cal. 1974). Thus, it may apply where one action "stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason." McDonald v. Antelope Valley Cmty. Coll. Dist., 194 P.3d 1026, 1032 (Cal. 2008). Equitable tolling is available where there is timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of Plaintiff. Id. However, equitable tolling generally does not apply where Plaintiff pursues successive claims in the same forum. Martell v. Antelope Valley Hosp. Med. Ctr., 79 Cal. Rptr. 2d 329, 334 (Cal. Ct. App. 1998).

Plaintiff has not alleged any facts to indicate equitable tolling applies. Accordingly, under the statute of limitations, any claims that accrued five years ago may be time barred.

If Plaintiff chooses to amend, he should include facts to indicate when the alleged violations occurred and, if applicable, any facts to support a claim of equitable tolling.

**V.     Conclusion and Order**

Plaintiff's complaint does not state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is

plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint, filed February 24, 2017;
3. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and

4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim, subject to the "three strikes" provision set forth in in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   March 6, 2017            /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE