1

2

3

4

5

6                      UNITED STATES DISTRICT COURT

7                      EASTERN DISTRICT OF CALIFORNIA

8

9    RUBEN FLOWERS,                          CASE No. 1:17-cv-00263-AWI-MJS (PC)

10                  Plaintiff,               **ORDER DISMISSING COMPLAINT WITH
                                             LEAVE TO AMEND**
11          v.
                                             **(ECF No. 12)**
12   C. CRYER, et al.,
                                             **THIRTY (30) DAY DEADLINE**
13                  Defendants.

14

15

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil

17   rights action brought pursuant to 42 U.S.C. § 1983. On March 7, 2017, the Court

18   screened Plaintiff's original complaint and dismissed it with leave to amend. (ECF No. 6.)

19          Plaintiff's first amended complaint ("FAC") is now before the Court for screening.

20   (ECF No. 12.)

21   **I.     Screening Requirement**

22          The Court is required to screen complaints brought by prisoners seeking relief

23   against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

24   § 1915A(a). A court must dismiss a complaint or portion thereof if the prisoner has raised

25   claims that are legally "frivolous, malicious," or that fail to state a claim on which relief

26   may be granted, or that seek monetary relief from a defendant who is immune from such

27   relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof,

28   that may have been paid, the court shall dismiss the case at any time if the court

1  determines that . . . the action or appeal . . . fails to state a claim upon which relief may

2  be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3  **II.     Pleading Standard**

4       Section 1983 "provides a cause of action for the deprivation of any rights,

5  privileges, or immunities secured by the Constitution and laws of the United States."

6  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

7  Section 1983 is not itself a source of substantive rights, but merely provides a method for

8  vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94

9  (1989).

10      To state a claim under § 1983, a plaintiff must allege two essential elements:

11  (1) That a right secured by the Constitution or laws of the United States was violated;

12  and (2) That the alleged violation was committed by a person acting under color of state

13  law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d

14  1243, 1245 (9th Cir. 1987).

15      A complaint must contain "a short and plain statement of the claim showing that

16  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

17  are not required, but "[t]hreadbare recitals of the elements of a cause of action,

18  supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

19  662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

20  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

21  that is plausible on its face." Id. Facial plausibility demands more than the mere

22  possibility that a defendant committed misconduct and, while factual allegations are

23  accepted as true, legal conclusions are not. Id. at 677-78.

24  **III.    Plaintiff's Allegations**

25      Plaintiff is incarcerated at Salinas Valley State Prison ("SVSP"). He complains of

26  acts that occurred at the Substance Abuse Treatment Facility ("SATF"), California

27  Correctional Institution ("CCI"), and SVSP. He names the following Defendants: (1) C.

28

1  Cryer, Medical CEO at SATF; (2) M. Frite, Medical CEO at SATF; (3) M. Carrasquillo,

2  R.N. at SATF; and (4) "et al." All Defendants are sued in their individual capacities.

3      The FAC does not set forth chronological facts. Rather, Plaintiff sets forth

4  allegations against each Defendant separately. His allegations may be summarized

5  essentially as follows:

6      Plaintiff suffers from severe neck and back pain.

7      As to Defendant Cryer, Plaintiff alleges Cryer was "well aware of [Plaintiff's] pain

8  and suffering" given that Plaintiff had submitted a 602 appeal on March 20, 2016 seeking

9  medical care. Plaintiff alleges, however, that Defendant Cryer did nothing to ensure that

10 Plaintiff was provided with adequate medical care, "leaving him in severe pain." As a

11 result of Defendant Cryer's negligence, delay, and deliberate indifference to Plaintiff's

12 serious medical need, the pain in Plaintiff's neck and back has worsened. Plaintiff

13 alleges Defendant Cryer, "through his medical expertise and training, knew or should

14 have known" that his delay in providing Plaintiff medical care would cause Plaintiff

15 "serious harm."

16     As to Defendant Frite, Plaintiff alleges that, starting on March 20, 2016, Frite was

17 aware that Plaintiff suffered from "severe pain." Plaintiff alleges that Frite refused "to act

18 upon [his] training" to prevent Plaintiff from suffering "irrepairable [sic] harm." Plaintiff

19 alleges he "continuously sought medical attention," but was turned away with "excuses."

20 Most of these excuses were budgetary in nature. Plaintiff alleges Frite was deliberately

21 indifferent to his serious medical need and that, as a result, Plaintiff now suffers from

22 extreme pain in violation of his Eighth Amendment rights.

23     Finally, as to Defendant Carrasquillo, Plaintiff alleges Carrasquillo also "did

24 nothing to treat or assist" Plaintiff. He alleges that Carrasquillo falsely claims to have

25 interviewed him on two occasions, but that she did not provide him with treatment.

26 Plaintiff's Eighth Amendment rights were violated as a result of Carrasquillo's

27 negligence, delay, and deliberate indifference to Plaintiff's serious medical need.

28

3

1       Plaintiff claims violations of his Eighth Amendment right to adequate medical care,

2 his Fifth and Fourteenth Amendment rights to due process, and his Fourteenth

3 Amendment right to equal protection of the laws. He seeks money damages.

4 **IV.    Analysis**

5       **A. Doe Defendants**

6       Plaintiff again refers to "et al." in his FAC. This appears to be an attempt to name

7 Doe defendants.

8       As the Court noted in its first screening, the use of Doe defendants is generally

9 disfavored. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting

10 Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). Nevertheless, under certain

11 circumstances, a plaintiff may be given the opportunity to identify unknown defendants

12 through discovery. Id. Before a plaintiff may engage in discovery as to any unknown

13 defendants, he or she must first link each of them to a constitutional violation. And each

14 defendant must be addressed separately, i.e., Doe 1, Doe 2, Doe 3, etc. A plaintiff must

15 set forth facts describing how each Doe defendant personally participated in the violation

16 of his or her constitutional rights. Plaintiffs may not merely allege liability on the part of a

17 group of Defendants.

18       Here, once again, Plaintiff does not identify any Doe defendants with particularity

19 or explain their participation in his case. He therefore fails to provide facts to link these

20 Does to a constitutional violation.

21       **B. Eighth Amendment**

22       The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits

23 deliberate indifference to the serious medical needs of prisoners. McGuckin v. Smith,

24 974 F.2d 1050, 1059 (9th Cir. 1992). A claim of medical indifference requires: (1) A

25 serious medical need; and (2) A deliberately indifferent response by defendant. Jett v.

26 Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met

27 by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible

28 medical need and (b) harm caused by the indifference. Id. Where a prisoner alleges

deliberate indifference based on a delay in medical treatment, the prisoner must show that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin, 974 F.2d at 1060a; Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is insufficient to state a claim of deliberate medical indifference. Shapley, 766 F.2d at 407 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)). A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105.

An allegation that prison officials deliberately ignored a prisoner's complaint about the ineffective nature of prescribed pain medication and the pain being suffered as a result can, in some circumstances, give rise to a constitutional claim. See Chess v. Dovey, No. CIV S-07-1767 LKK DAD P., 2011 WL 567375, at *21 (E.D. Cal. Feb. 15, 2011) (denying summary judgment on Eighth Amendment claim where medical doctor "ignored plaintiff's complaint about the ineffective nature of the Tylenol, aspirin and other medications he was being given and the pain being suffered as a result"); Franklin v. Dudley, No. 2:07-cv-2259 FCD KJN P., 2010 WL 5477693, at *6 (E.D. Cal. Dec. 29, 2010) (holding that the existence of triable issue of fact as to whether defendant violated

the Eighth Amendment precluded the granting of summary judgment where plaintiff was previously prescribed narcotic pain medication but now was given only Motrin, Naprosyn, and Tylenol under prison's no-narcotic policy). However, a prisoner does not have a constitutional right to the medication of his choice, and a mere difference of opinion regarding appropriate treatment and pain medication is insufficient to give rise to a constitutional claim. Toguchi, 391 F.3d at 1058; Wilson v. Borg, No. 95-15720, 1995 WL 571481, at *2 (9th Cir. Sept. 27, 1995); Smith v. Norrish, No. 94-16906, 1995 WL 267126, at *1 (9th Cir. May 5, 1995); McMican v. Lewis, No. 94-16676, 1995 WL 247177, at *2 (9th Cir. Apr. 27, 1995).

As the Court stated in its first screening, Plaintiff's allegations of "extreme" and "severe" pain are sufficient to state a serious medical need. Jett, 439 F.3d at 1096 (noting that a "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'"); McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

However, Plaintiff has again failed to show that any Defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570

(9th Cir. 2009); <u>Preschooler II v. Clark Cty. Sch. Bd. of Trs.</u>, 479 F.3d 1175, 1182 (9th Cir. 2007); <u>Harris v. Roderick</u>, 126 F.3d 1189, 1204 (9th Cir. 1997).

As in his original complaint, Plaintiff's FAC does not allege sufficient facts to enable the Court to determine whether any of the named Defendants were involved in the provision of care to him or otherwise had the opportunity, if not the obligation, to ensure that adequate care was provided. For example, liability may be found if any of the Defendants were medical care practitioners responsible for treating Plaintiff, yet simply ignored his complaints of severe pain. A different standard, however, may apply to individuals who simply reviewed appeals in which Plaintiff complained about lack of care. If Plaintiff amends, he must set forth facts addressing the foregoing and explaining how each proposed Defendant was involved in his care, how and what they knew of his complaints, and include reasons given by them for not providing Plaintiff treatment.

Although not entirely clear, it appears that Plaintiff's claims may be based on Defendants' review of or involvement in Plaintiff's medical appeals. The denial of a prisoner's administrative appeal generally does not cause or contribute to the underlying violation. <u>George v. Smith</u>, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates. <u>Jett v. Penner</u>, 439 F.3d 1091, 1098 (9th Cir. 2006). Thus, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under § 1983. Those circumstances are not presented here, as Plaintiff has not pled any facts regarding the information contained in his appeals, Defendants' involvement in those appeals, or any responses thereto.

Plaintiff will be given further leave to amend.

**C. Fourteenth Amendment Due Process**

The nature of Plaintiff's due process claim is unclear. To the extent it is based on defects in the administrative grievance process, Plaintiff is advised that he has no stand-alone due process rights related to the administrative grievance process. <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.

7

1988). Failing to properly process a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Williams v. Cate, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Such a claim is not capable of being cured through amendment.

**D. Fourteenth Amendment Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). See also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff does not allege membership in a protected class, intentionally discriminatory treatment, dissimilar treatment from others who are similarly situated, or any other facts to suggest an Equal Protection violation.

Plaintiff will be given leave to amend.

**E. Fifth Amendment**

Plaintiff also states his intent to bring a due process claim under the Fifth Amendment. "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Here, Plaintiff's

1 allegations are against state officials. His complaint does not state a Fifth Amendment

2 due process claim, and this defect is not capable of being cured through amendment.

3 **F. State Law Claims**

4 Plaintiff's complaint also refers to negligence, which is a state law claim.

5 A district court may exercise supplemental jurisdiction over state law claims in any

6 civil action in which it has original jurisdiction, if the state law claims form part of the

7 same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to

8 exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district

9 court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.

10 § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed

11 before trial . . . the state claims should be dismissed as well." United Mine Workers of

12 Am. v. Gibbs, 383 U.S. 715, 726 (1966).

13 Furthermore, to bring a tort claim under California law, a plaintiff must allege

14 compliance with the California Tort Claims Act ("CTCA"). Under the CTCA, a plaintiff

15 may not maintain an action for damages against a public employee unless he has

16 presented a written claim to the state Victim Compensation and Government Claims

17 Board ("VCGCB") within six months of accrual of the action. Cal. Gov't Code §§ 905,

18 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477

19 (9th Cir. 1995). Failure to demonstrate such compliance constitutes a failure to state a

20 cause of action and will result in the dismissal of state law claims. State of California v.

21 Superior Court (Bodde), 32 Cal.4th 1234, 1240 (2004).

22 Here, once again, Plaintiff has not alleged a cognizable federal claim and has not

23 alleged compliance with the CTCA. Accordingly, the Court will not exercise supplemental

24 jurisdiction over Plaintiff's state law claims. The Court will, however, again provide

25 Plaintiff with the legal standards applicable to what appear to be his intended claims in

26 the event he chooses to amend.

27 A public employee is liable for injury to a prisoner "proximately caused by his

28 negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). "Under California law,

1  '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain

2  standard of conduct for the protection of others against unreasonable risks (duty); (2)

3  failure to conform to that standard (breach of duty); (3) a reasonably close connection

4  between the defendant's conduct and resulting injuries (proximate cause); and (4) actual

5  loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting

6  McGarry v. Sax, 158 Cal. App. 4th 983, 994 (2008)). For claims based on medical

7  malpractice, defendant has a duty "to use such skill, prudence, and diligence as other

8  members of his profession commonly possess and exercise." Hanson v. Grode, 76 Cal.

9  App. 4th 601, 606 (1999).

10 **V.     Conclusion and Order**

11        Plaintiff's complaint does not state a cognizable claim for relief. The Court will

12 grant Plaintiff **one final opportunity** to further amend his complaint. Noll v. Carlson, 809

13 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must demonstrate

14 that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S.

15 at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is

16 plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff

17 must also demonstrate that each named Defendant personally participated in a

18 deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

19        Plaintiff should note that although he has been given the opportunity to amend, it

20 is not for the purpose of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir.

21 2007). **Plaintiff should carefully read this screening order and focus his efforts on**

22 **curing the deficiencies set forth above**.

23        Finally, Plaintiff is advised that Local Rule 220 requires that an amended

24 complaint be complete in itself without reference to any prior pleading. As a general rule,

25 an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d

26 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no

27 longer serves any function in the case. Therefore, in an amended complaint, as in an

28 original complaint, each claim and the involvement of each defendant must be

sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. <u>See</u> Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted;

2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint, filed May 17, 2017;

3. Within thirty (30) days from the date of service of this Order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this Order or a notice of voluntary dismissal; and

4. If Plaintiff fails to file a second amended complaint or notice of voluntary dismissal, the Court will recommend that the action be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:    June 12, 2017          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

11