1
2
3
4
5
6
7
8
9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12    RUBEN FLOWERS,                        CASE No. 1:17-cv-00263-AWI-MJS  (PC)

13                    Plaintiff,            **FINDINGS AND RECOMMENDATION TO
                                            DISMISS ACTION FOR FAILURE TO**
14           v.                             **OBEY COURT ORDER AND FAILURE TO
                                            PROSECUTE**
15    C. CRYER, et al.,

16                    Defendants.           (ECF No. 18)

17                                          **FOURTEEN (14) DAY OBJECTION
                                            DEADLINE**
18

19

20           Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil

21    rights action brought pursuant to 42 U.S.C. § 1983.

22           On June 13, 2017, the Court dismissed Plaintiff's first amended complaint for

23    failure to state a claim but gave thirty days leave to amend.  (ECF No. 13.) On July 12,

24    2017, Plaintiff requested additional time to file a second amended complaint. (ECF No.

25    14.) On July 13, 2017, the Court granted this motion and provided Plaintiff an additional

26    ninety days to file a second amended complaint. (ECF No.15.) The ninety day deadline

27    expired without Plaintiff filing an amended pleading or seeking an additional extension of

28

time. On October 24, 2017, the Court ordered Plaintiff to show cause why the action should not be dismissed based on Plaintiff's failure to file an amended complaint as ordered by the Court. (ECF No. 16.)

On November 1, 2017, Plaintiff filed a response requesting dismissal of the action without prejudice and with leave to amend within 120 days. (ECF No. 17.) The Court was unclear as to whether Plaintiff intended a voluntary dismissal or a de facto request for additional time to amend. Accordingly, on November 7, 2017, the Court ordered Plaintiff to either file a notice of voluntary dismissal within twenty-one days, or affirmatively indicate his intent to prosecute this action by filing an amended complaint within thirty days. (ECF No. 18.) Plaintiff has filed no response and the time for doing so has passed.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several

factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need

to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

Here, Plaintiff has failed to respond to several Court orders, most recently that he file an amended complaint or a notice of voluntary dismissal. (ECF No. 18.) Additionally, Plaintiff has been given two time extensions (ECF Nos. 15, 18) and has failed to file an amended complaint that states a claim. Therefore, in the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Based on the foregoing, it is HEREBY RECOMMENDED that the action be dismissed, without prejudice, for failure to obey a court order and failure to prosecute.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with the findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   December 26, 2017         /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE